UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| LAWRENCE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-172-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE SHERMAN, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Lawrence Jones, a resident at Summit Behavioral Health Care in Cincinnati, Ohio, filed his complaint in this action using this Court's form civil rights complaint (Form EDKy. 520) [R. 2], along with a motion to proceed *in forma pauperis*. [R. 3] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

In his complaint, the entirety of Jones's allegations are that "Just about everyone I sent money to. I am an XYZ allegable. Try them all. ... Black Syndicated. Since 1970 Bugs Norm and Charler Hunter Hunter Gettiburg St. and Gettiburg land." Jones alleges these "events" occurred in Dayton,

Ohio, and indicates his belief that it is a federal offense to transport prostitutes across state lines. [R. 2 at 3-4] In his motion to proceed *in forma pauperis*, Jones indicates that he is self-employed and derives $15,000 per month from his employment. [R. 3 at 2]

A review of the Court's online PACER database indicates that Jones has been a plaintiff in several proceedings filed in the United States District Court for the Southern District of Ohio, all of which were dismissed for failure to state a claim or lack of subject matter jurisdiction. *See Jones v. Lava Girls*, No. 04-CV-00096-TMR (S.D. Oh. 2004) (dismissed for failure to state a claim); *Jones v. Black and White Syndicate*, No. 04-CV-00268-WHR (S.D. Oh. 2004) (same); *Jones v. Henderson*, No. 06-CV-00001-TMR (S.D. Oh. 2006) (same). The complaints filed in those proceedings similarly made allegations that were difficult or impossible to decipher, and were dismissed on that ground. In the most recently-filed case, *Jones v. State of Ohio*, No. 06-CV-00370-SAS (S.D. Oh. 2006), the Court noted that Jones was confined at the Twin Valley Behavioral Center, "a State of Ohio maximum security psychiatric hospital . . . ." [R. 2 at 1 therein] In that case, the Court denied Jones's motion to proceed *in forma pauperis* pursuant to the "three strikes" bar of 28 U.S.C. § 1915(g), and dismissed the complaint for failure to state a claim because the "plaintiff's allegations are incoherent."

As a threshold matter, the Court must deny Jones's motion to proceed *in forma pauperis* in this case. Jones indicates that he currently resides at Summit Behavioral Health Care in Cincinnati, Ohio. This facility is owned and operated by the Ohio Department of Mental Health.[1] If Jones resides here as part of a continuing criminal sentence, then the bar of Section 1915(g), which applies only to prisoners, still applies and prevents him from proceeding *in forma pauperis*. Alternatively, if

---

[1] http://mentalhealth.ohio.gov/what-we-do/provide/hospital-services/regional-psychiatric-hospitals/summit.shtml.

Jones is no longer subject to a criminal sentence of incarceration, his motion indicates a monthly income of $15,000.00, a sum far too high to warrant a full or partial waiver of the $350 filing fee.

As for the substance of Jones's complaint, Federal Rule of Civil Procedure 8(a) requires only that a complaint must contain (1) a short statement establishing the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for relief. Jones's complaint does not satisfy any of these three requirements. Jones is an Ohio resident, and his complaint makes neither any allegation regarding where the defendants reside or where the "events" alleged in the complaint occurred. It is far from clear therefore that the Court possesses either jurisdiction over the subject matter or personal jurisdiction over the defendants. Jones's factual allegations simply do not make sense, and therefore fail to "raise a right to relief above the speculative level" as required by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Finally, the complaint does not articulate a discernible claim for relief. The Court will therefore dismiss the complaint without prejudice for failure to satisfy the pleading requirements of Rule 8.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis [R. 3] is **DENIED**.

2. Plaintiff's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. The Court certifies that any appeal would not be taken in good faith.

Entered this 18th day of August, 2010.

